## Port Agent Agreement

This Port Agent Agreement (the "Agreement") is made as of the 19th day of August, 2011 by and between Koch Nitrogen International Sarl ("KNIS") and T Parker Host ("Port Agent").

1. **Appointment of Port Agent.** KNIS hereby appoints Port Agent as its non-exclusive port agent for purposes of such KNIS chartered vessels as KNIS may designate calling on ports agreed between the parties from time to time (collectively the "Ports"). Port Agent accepts such appointment and agrees to devote its best efforts to the performance of its duties in accordance with the terms and conditions of this Agreement, best industry practices, all relevant laws and regulations, and the directions and orders that KNIS may give from time to time. This appointment will be in force as of the 19th day of August, 2011.

2. **Services.** Port Agent shall undertake all necessary, appropriate or customary port agency services in connection with designated KNIS chartered vessels and shall use its best endeavours to protect KNIS's right and interests.

3. **Independent Contractor.** Port Agent is an independent contractor and its owners, employees and agents are not employees or agents of KNIS. This Agreement is not intended to create, nor shall it be construed as creating, a partnership, joint venture or other legal entity or any ongoing or continuing relationship, cooperation or commitment between the parties other than as expressly and specifically set forth herein. This Agreement does not vest in Port Agent or its owners, employees or agents any authority to bind KNIS in matters of contract, indebtedness or otherwise, or to negotiate and conclude any contract, payment or agreement on behalf of or in the name of KNIS, and neither Port Agent or its owners, employees or agents shall represent themselves as having such authority.

4. **Compliance:** Port Agent represents and warrants to KNIS that is has all applicable regulatory, governmental and other consents, licenses and authorizations necessary to comply with its obligations pursuant to this Agreement. Port Agent agrees to comply with and assist KNIS in complying with all laws, regulations and requirements applicable to the services provided and actions taken in connection with this Agreement. Without limitation, Port Agent shall comply with and assist KNIS in complying with the U.S. Foreign Corrupt Practices Act, the OECD Antibribery Convention of December, 1997, and any other relevant anti-corruption laws and regulations. Port Agent specifically warrants that neither it nor any of its employees, affiliates, owners, partners, shareholders, directors, officers, or agents (hereinafter collectively referred to as the "Principals") will pay, offer, or promise to pay, or authorize the payment, directly or indirectly, of any monies or anything of value to any public or government official, including any officer or employee of a government department, agency or instrumentality, or any person acting in an official capacity for or on behalf thereof, or any employee of any political party, official thereof or candidate for political office, for the purpose of influencing any official act or decision of such official or government body, or inducing such person to perform or omit any act in violation of his lawful duty, or inducing him to use his influence with the government or any of its agencies or instrumentalities to affect or influence any act or decision of such government or agency or instrumentality in order to obtain, retain or direct business to KNIS or its affiliates or obtain any unfair advantage for KNIS or its affiliates. Port Agent further warrants that no Principal is or will become an official of a government or official of a political party or candidate for political office during the term of this Agreement. Port Agent shall certify compliance with this provision upon written request by KNIS. Port Agent agrees to maintain detailed books and records of its business on behalf of KNIS and to make same available for KNIS's or its representative's inspection upon request. In the event of a breach of this provision, this Agreement shall be deemed void ab initio and shall immediately terminate without further liability or obligation on the part of KNIS. Moreover, Port Agent will surrender any claim for payment under the Agreement and will refund to KNIS any payments received under this Agreement.

5. **Confidentiality.** Port Agent shall keep confidential any non-public information received from or developed for KNIS.

6. **Accounts.** Account statements for each time chartered vessel shall be promptly forwarded by Port Agent to KNIS with supporting itemized invoices in accordance with KNIS's standing instructions.

EXHIBIT 5

7. <u>Compensation</u>. In consideration of the services provided by the Port Agent in connection with this Agreement, KNIS shall pay the Port Agent the fees and commissions agreed from time to time for the particular call of KNIS's chartered vessels at the Ports.

8. <u>Governing Law and Jurisdiction</u>. This Agreement shall be governed by and construed in accordance with the law of the State of New York, without regard to the conflicts of law rules of such state other than Section 5-1401 of the New York General Obligations Law. The parties agree that the appropriate, exclusive and convenient forum for any disputes between the parties hereto arising out of or relating to this Agreement shall be in any state or federal court in the State of New York, Borough of Manhattan and each party irrevocably submits to the jurisdiction of such courts solely in respect of any legal proceeding arising out of or related to this Agreement. The parties further agree that they shall not bring suit with respect to any disputes arising out of or relating to this Agreement in any court or jurisdiction other than the above specified courts; provided, however, that the foregoing shall not limit the rights of the parties to seek injunctive relief or obtain execution of judgment in any other jurisdiction. The parties further agree, to the extent permitted by law, that a final and non-appealable judgment against a party in any action or proceeding contemplated above shall be conclusive and may be enforced in any other jurisdiction within or outside the United States by suit on the judgment, a certified or exemplified copy of which shall be conclusive evidence of the fact and amount of such judgment.

9. <u>Miscellaneous</u>. This Agreement contains the entire agreement between the parties relating to the subject matter set forth herein. The Agreement may be executed in multiple counterparts, each of which shall constitute an original. The Agreement may only be amended in writing by duly authorized representatives of each party. The waiver by either party of any right hereunder shall not serve to waive any other right, nor shall such waiver operate as a waiver of the right so waived at any future date in connection with another default or a subsequent recurrence of the same default. The headings of the paragraphs of this Agreement have been inserted for convenience of reference only and are not to be considered part of this Agreement and shall in no way affect the interpretation of any of the provisions of this Agreement.

10. <u>Termination</u>. This Agreement is valid for an indefinite period and shall continue in force from month to month renewable automatically unless cancelled at any time by mutual agreement of the parties or upon seven (7) days' notice thereof in writing by either party to the other party. Any notice under this Agreement shall be in writing. No reason need to be given for termination. The Port Agent confirms that in case of termination of this Agreement, he shall not be entitled to any compensation. Notwithstanding the foregoing, the representations and agreements set forth in Sections 3, 4, 6, 8 and 9 shall survive termination of this Agreement.

In witness whereof the parties hereto have caused the signature of their respective authorized representative to be affixed hereunder.

Kooh Nitrogen International Sarl (KNIS)         [PORT AGENT NAME] (Port Agent)

BY: _/s/ Vickie L. Shuslwell_                    BY: _/s/_

TITLE: International Liquid Distribution Mgr.    TITLE: Sr. Vice President Operations

DATE: 08/19/2011                                 DATE: Aug. 19, 2011